UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE PRICE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | No. 16 C 8020 |
| v. ) | |
| ) | Judge Thomas M. Durkin |
| SCHLEE & STILLMAN, LLC, ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

Bonnie Price, a Kentucky resident, brought this Fair Debt Collection Practices Act ("FDCPA") suit against the Maryland-based debt collection firm of Schlee & Stillman LLC. *See* R. 1 (Compl.). On November 15, 2016, the defendant moved to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. R. 17. The defendant's motion was granted on May 26, 2017, and the case was dismissed without prejudice for want of personal jurisdiction. *See* R. 25.

On June 9, 2016, the plaintiff asked this Court to reconsider its ruling, both as to the finding that personal jurisdiction was lacking and also that dismissal, rather than transfer to the Eastern District of Kentucky, was the proper disposition of the case. R. 28. In its motion, the plaintiff informed the Court that due to the statute of limitations on the plaintiff's claims, the May 26th order dismissing the case would likely prejudice her ability to re-file the case in another forum. *Id.* ¶¶ 16-17. In an oral ruling given in open court on June 22, 2017, the Court denied the plaintiff's motion to reconsider whether it has personal jurisdiction over the

defendant, but granted the plaintiff's request for transfer to the Eastern District of Kentucky.[1] *See* R. 29. The reasons for the transfer are set forth in full, below.

## Background

The facts relevant to this motion are as follows. Plaintiff, a senior citizen, resides in Kentucky. R. 1 ¶ 3. The defendant is a Maryland limited liability company and debt collector. *Id.* ¶ 4. Its headquarters are in Maryland, and it has satellite offices in Massachusetts and Michigan. *See* R. 20, Ex. A. The defendant has no offices in Illinois, but it does collect debts here, and is registered as a foreign corporation with the Illinois Secretary of State.[2] R. 1 ¶ 5, Ex. A. Further to its business in Illinois, the defendant has a registered agent in Springfield, the state's capital, which sits in the federal jurisdiction of the Central District of Illinois. *Id.*

In the fall of 2015, Plaintiff received two letters from the defendant attempting to collect a debt she allegedly owed to Citizen's Bank. R. 1 ¶ 6, Ex. B. Plaintiff sought assistance responding to the letters from the Legal Advocates for Seniors and People with Disabilities (LASPD), a Chicago-based not-for-profit legal

---

[1] In its response to Plaintiffs motion for reconsideration, the defendant opposed a transfer of the case and sought sanctions against Plaintiff for filing in this district despite warnings from this Court and other courts in this district that the location of the plaintiff's counsel is, as a general rule, irrelevant to whether there is personal jurisdiction over the defendant. *See* R. 28 at 6. As stated in open court on June 22, 2017, this Court will not punish the plaintiff for counsel's errors, and will not prevent her from having her case heard in an appropriate forum. If the defendant wishes to raise these arguments with the court in the Eastern District of Kentucky upon transfer, it is free to do so.

[2] The defendant has also registered as a foreign corporation in New Hampshire, Virginia, Connecticut, Texas, Florida, New Jersey and Washington. *See* R. 20, Ex. A.

2

aid provider. *Id.* On November 19, 2015, an attorney from LASPD informed the defendant by letter (via facsimile) that Plaintiff was represented by counsel, that she refused to pay any unsecured debts on account of her financial circumstances, and that the defendant should cease all communications with Plaintiff. *Id.* ¶ 7, Ex. C. Several months later, however, the defendant sent another collection letter to Plaintiff's home in Kentucky from its office in Massachusetts. *Id.* ¶ 8, Ex. D. This letter, which Plaintiff alleges caused her confusion and distress, is the basis of her two-count lawsuit under the FDCPA. *Id.* ¶ 11.

## Standard

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction exists. *See Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 755 (N.D. Ill. 2014) (citing *Purdue Res. Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). While ultimately a plaintiff must carry that burden by a preponderance of the evidence, at this stage, before discovery has taken place, she is only required to make a *prima facie* showing. *See Strabala v. Zhang*, 318 F.R.D. 81, 108 (N.D. Ill. 2016) (citing *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015); *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). To do so, the plaintiff must allege facts supporting the reasonable inference that an out-of-state defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of*

*Washington, Office of Unemployment Comp. & Placement,* 326 U.S. 310, 319 (1945). Courts have interpreted this standard to mean that "'[t]he defendant's conduct and connection with the forum State [must be] such that [it] should reasonably anticipate being haled into court there.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). As with a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff" when evaluating personal jurisdiction. *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

## Discussion

There are two types of personal jurisdiction–general and specific. *See Strabala,* 318 F.R.D. at 108 (citing authority). General personal jurisdiction exists "[i]f the defendant has 'continuous and systematic' contacts with a state. . . even if the action is unrelated to those contacts." *N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)). A corporation's contacts with a state are 'continuous and systematic' if it is incorporated or headquartered there or if its "affiliations with the State . . . render it essentially at home." *Daimler AG v. Bauman,* 134 S. Ct. 746, 761 (2014) (citations and internal punctuation omitted). The Seventh Circuit has cautioned that general jurisdiction "should not lightly be found." *Kipp v. Ski Enter. Corp: of Wisc.,* 783 F.3d 695, 698 (7th Cir. 2015). Specific jurisdiction is likewise narrowly defined. "To support an exercise of specific personal jurisdiction, the

4

defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Daimler,* 134 S. Ct. at 761. In other words, "[s]pecific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum–related activities." *Id.* (citing *Burger King,* 471 U.S. at 472). Here, neither jurisdictional test is satisfied.

A.   General Jurisdiction

There is no general jurisdiction because the defendant is not incorporated or headquartered in Illinois, and it does not have any other operations within the state that are so substantial as to render it essentially at home here.[3] *See Kipp,* 783 F.3d

---

[3]   All of the authority Plaintiff cites in support of her argument for general jurisdiction pre-date the *Daimler* decision. *See Lefler v. Razor Capital, LLC,* 13 C 2242, R. 34 (N.D. Ill. June 3, 2013); *Brennon v. Nationwide Credit, Inc.,* 11 C 4309, R. 22 (N.D. Ill. Oct. 5, 2011); *Barksdale v. GC Services Ltd. P'ship,* 09 C 7309, R. 24 (N.D. Ill. May 6, 2010); *Garrigan v. Midland Credit Mgmt., Inc.,* 09 C 3110, R. 39 (N.D. Ill. Mar. 9, 2010). The Seventh Circuit has recognized that *Daimler* "raised the bar for this type of jurisdiction," explaining that since *Daimler,* "more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice" is required. *Kipp,* 783 F.3d at 698 (citing *Daimler,* 134 S.Ct. at 760-61). Now, courts may "exercise general jurisdiction only when 'the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit ... on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (quoting *Daimler,* 134 S.Ct. at 761) (emphasis omitted). Because the cases on which Plaintiff relies do not apply this standard, and also because they are distinguishable on their facts, they are not persuasive support for Plaintiff's argument that general jurisdiction exists. *See Lefler,* 13 C 2242, R. 34 (the defendants had been named in nearly 20 earlier-filed lawsuits in this district for their debt collection practices); *Brennon,* 11 C 4309, R. 22 (at the time the suit was filed the defendant was attempting to collect debts from hundreds of thousands of Illinois consumers, including consumers residing this district); *Barksdale,* 09 C 7309, R. 24 (the defendant had an office in this district); *Garrigan,* 09 C 3110, R. 39

at 698. That the defendant is registered as a foreign corporation and has a designated registered agent in the state is, without more, insufficient to put the defendant on notice that it could be haled into court here. *See Perez v. Air & Liquid Sys. Corp.*, 2016 WL 7049153, at *6-7 (S.D. Ill. Dec. 2, 2016) (collecting post-*Daimler* circuit authority for the proposition that "registering to do business or maintaining a registered agent is not enough to confer general jurisdiction over a foreign corporation"). Indeed, after a search of the federal docketing system, the Court was unable to find a single case in the Northern District of Illinois other than this one where the defendant has been named as a party.[4] While it may be true that the defendant transacts some business in Illinois, it has no offices or employees here, and Plaintiff, whose debt the defendant is attempting to collect in Kentucky, has not alleged any other systematic or continuous affiliation with the state such that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *See Daimler*, 134 S. Ct. at 761-62; *see also Perez*, 2016 WL 7049153, at *8 ("it is inconsistent with principles of due process for a corporation to be subject to general jurisdiction in every place it does business" (quoting *Genuine*

---

(the defendant had been named in approximately 45 earlier-filed lawsuits in this district).

[4] In deciding whether a plaintiff has met the *prima facie* standard for establishing personal jurisdiction, courts are not limited to the pleadings and may consider affidavits and other outside materials. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *see also White v. Keely*, 814 F.3d 883, 885 n. 2 (7th Cir. 2016) (noting that on a motion to dismiss, courts may consider public court documents, among other materials, if they are within the public record and subject to judicial notice under the Federal Rules).

*Parts Co. v. Cepec*, 137 A.3d 123, 137 (Del. 2016))). Accordingly, there is no general personal jurisdiction over the defendant.

In her motion for reconsideration, the Plaintiff directs the Court to the following language from *In re Limitnone, LLC*, 551 F.3d 572 (7th Cir. 2008):

> Google is licensed to do business in the State of Illinois and does business in the Northern District of Illinois. We have no doubt that the federal court sitting in that district had personal jurisdiction over Google.

*Id.* at 575. Plaintiff plucks this dictum from a decision that is not about personal jurisdiction, but rather venue and contractual forum-selection clauses. She does so to argue that being registered in the State of Illinois and conducting some amount of business in this district is sufficient to confer personal jurisdiction on the Court. But *Limitnone* reaches no such conclusion, and the more recent decision in *Kipp*, which postdates and explicitly follows *Daimler*, renders that proposition untenable. As previously noted, *Kipp* holds that courts may "exercise general jurisdiction only when 'the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit.'" *Id.* (quoting *Daimler*, 134 S.Ct. at 761) (emphasis in original). For the reasons set forth above, no such contacts exist between the defendant and the State of Illinois. Moreover, the dictum from *Limitnone* is not inconsistent with *Kipp*; Google is not only registered in this state, but is also well-known to have a major office complex, numerous employees and substantial business in this district. The Seventh Circuit's dictum must be read in that context, and thus cannot support the outcome Plaintiff seeks here. Plaintiff's attempt to

parse dictum from *Limitnone* to compel reconsideration of the Court's holding on general jurisdiction is without merit.

The Plaintiff argues that even if she has failed to make a prima facie showing that general personal jurisdiction exists in this district, she is entitled to conduct discovery as to the scope of Defendant's business in Illinois. R. 26 ¶ 5. She is incorrect. The Seventh Circuit has held that "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *accord Meyer v. Hanft Fride*, 2012 WL 105296, at * 4 (N.D. Ill. Mar. 28, 2012) ("The plaintiffs have not made even a colorable showing that [the defendant] is subject to general jurisdiction in Illinois. Any discovery related to that issue would just be a fishing expedition."). Having failed to meet this burden, Plaintiff is not entitled to dig further.

B. <u>Specific Jurisdiction</u>

Nor has the plaintiff made a *prima facie* showing that there is specific jurisdiction in this case. As the defendant correctly states, "[t]hat Plaintiff sought the assistance of legal aid attorneys located in Chicago . . . is the only alleged connection to the chosen forum." R. 17 at 1. Plaintiff argues that this connection is enough to establish specific jurisdiction because, "for the purposes of this lawsuit, Ms. Price effectively moved–telling Defendant that she could only be contacted through the Chicago Legal Clinic's LASPD program." R. 20 at 11. This fiction will not suffice to permit the case to proceed in this district. As previously noted, specific

jurisdiction exists when the defendant has purposefully directed its activities toward the forum state and the alleged injury arises from those activities. *Daimler*, 134 S. Ct. at 761. Thus, the operative facts for determining specific jurisdiction in an FDCPA case like this one are the states to and from which the allegedly offending debt collection letter was sent. The letter in this case was sent to Kentucky from Massachusetts. Plaintiff's attorney's office in Illinois is entirely irrelevant to where the alleged statutory violation took place and where the alleged injury was suffered. Other courts considering precisely analogous facts have reached the same conclusion. *See, e.g., Stewart v. Brachfeld Law Group*, 2010 WL 4683530, at *1 (N.D. Ill. Nov. 16, 2010) (finding in an FDCPA case involving out-of-state parties that where the only connection to this district was the location of LASPD, "no part of the acts and transactions occurred here in any real-world sense"); *Randolph v. North Star Capital Acquisition, LLC*, 2010 WL 5418923, at * 1 (N.D. Ill. Dec. 2010) (also on similar facts finding that the location of counsel was a "venue irrelevant fact" and refusing to permit jurisdiction "created by such artificiality"). Because the cause of action, in actuality, arises from activities entirely outside the state of Illinois, the Court holds that specific jurisdiction in this district is also lacking.

Seeking reconsideration of that holding, Plaintiff cites to *Serrano v. Van Ru Credit Corporation*, 126 F. Supp. 3d 1005 (N.D. Ill. 2015). The opinion in *Serrano* does not mention the word jurisdiction once. Presumably, Plaintiff cites to the *Serrano* case because it involved an out-of-state plaintiff represented in an FDCPA

case by the LASPD clinic in this district. *See id.* at 1009. There are at least two reasons why the similarities between *Serrano* and this case are insufficient to warrant reconsideration. First, as set forth in the opening paragraph of *Serrano*, the defendant in that case was "an Illinois corporation," not a foreign corporation registered in Illinois. *Id.* at 1007. Indeed, the defendant in that case is headquartered in Des Plaines, Illinois, well within the territory of the Northern District, and it conducts substantial business from that location. *See* Office of the Illinois Secretary of State Corporate Search, *available at* https://www.ilsos.gov/corporatellc/CorporateLlcController, search by file number 33925522 (last visited June 21, 2017); *see also* Van Ru Credit Corporation Website, *available at* http://www.vanru.com/ExistingClients/Locations.htm (last visited June 21, 2017). Van Ru Credit Corporation has also defended well over 50 FDCPA cases in this district.

Second, even if the *Serrano* defendant were not an Illinois resident subject to the general jurisdiction of this court, personal jurisdiction is an affirmative defense that can be waived, and its waiver in one case does not apply to unrelated defendants defending other cases with similar facts. In other words, even if the defendant in *Serrano* had been an out-of-state defendant like Schlee & Stillman, LLC, the defendant's decision to litigate that case in this district would not also bind the defendant to do so here.

C.   Waiver

Finally, Plaintiff suggests that because she and the defendant engaged in settlement discussions for several months before the motion to dismiss was filed in this case, the defendant waived its right to object to personal jurisdiction. *See* R. 20 at 6 ("[I]n its motion to dismiss, Defendant oddly neglects to acknowledge the inconvenient fact that it litigated this case–including entering into a settlement agreement–in Illinois, for three months, before it decided to move to dismiss for lack of jurisdiction and/or improper venue."). She cites no authority for this argument, however, and therefore waives it. *See United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011) (explaining that "perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

Even if the Court were to consider the argument, it is without merit. "As long as defendants comply with the rules by raising their defenses in their first responsive pleading or consolidate their defenses in a pre-pleading motion under Fed. R. Civ. P. 12(b), they do not waive their Rule 12(b) defenses." *Swanson v. City of Hammond*, 411 Fed. Appx. 913, 915-16 (7th Cir. 2011) (finding that "[p]reliminary litigation actions . . . do not waive or forfeit personal-jurisdiction defenses" provided the defendant does not "create the expectation that [it] will defend the suit on the merits"); *see also Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (finding no waiver after the defendant filed a motion to continue a preliminary injunction hearing and requested expedited discovery to prepare for that hearing

11

when, thirteen days later, the defendant filed its motion to dismiss for lack of personal jurisdiction). The defendant raised lack of personal jurisdiction in its motion to dismiss as required by the federal rule. It thus has not waived the timely brought affirmative defense.

## Conclusion

Where personal jurisdiction is lacking, the Court may dismiss the case or transfer it to another district where personal jurisdiction is proper. *See Cote v. Wadel*, 796 F.2d 981, 984–85 (7th Cir. 1986). On first review, the Court dismissed the case without prejudice to being refiled in the proper district. R. 26. At the time, the Court was unaware that the statute of limitations had nearly run on the plaintiff's FDCPA claim. In her motion for reconsideration, the Plaintiff informed the Court that the earlier-ordered dismissal would likely prejudice her ability to re-file her case. R. 26 ¶¶ 16-17. The Seventh Circuit instructs that when a plaintiff accidentally files suit in the wrong district and the statute of limitations runs on her claim, the interests of justice require the district court to transfer the suit to the right district rather than dismiss it. *See id.* (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). The case is therefore transferred to the Eastern District of Kentucky, where the plaintiff resides.

SO ORDERED.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 29, 2017